## William Landis et al. v. John M. Wolf.

1. CHANCERY PRACTICE—*Damages for Wrongfully Suing Out an Injunction.*—A defendant is entitled to damages for the wrongful suing out of an injunction, and attorney fees necessarily incurred in securing a dissolution of it are a proper element of damages, regardless of whether the fees were paid to an attorney for arguing a motion to dissolve preliminary to a hearing, or whether they were paid to him for securing a dissolution upon a hearing.

2. INJUNCTIONS—*Measure of Damages for Injury to Business.*—The measure of damages for tying up a merchant's goods which he had contracted for and partially paid for, through the wrongful suing out of an injunction, is the probable fruits of the business.

**Debt**, on an injunction bond. Appeal from the County Court of Macon County; the Hon. WILLIAM L. HAMMER, Judge presiding. Heard in this court at the November term, 1902. Affirmed. Opinion filed April 30, 1903.

JOHN R. EDEN, J. K. MARTIN and E. J. MILLER, attorneys for appellants.

W. K. WHITFIELD and MILLS BROS., attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

This is an action of debt on an injunction bond, executed by William Landis, as principal, and Geo. F. Righter, as surety, in a suit wherein Landis obtained a temporary injunction restraining John M. Wolf from selling from, or in any manner interfering with, a stock of goods which Wolf had purchased from Landis at Sullivan, Illinois. A trial by the court, without a jury, resulted in a judgment in favor of appellee for $1,000 debt, the amount of the bond, and $1,000 damages.

It appears from the evidence that on March 9, 1901, Landis and Wolf entered into a written agreement whereby Landis agreed to sell his entire stock of merchandise and store fixtures, except boots and shoes, to Wolf, and Wolf agreed to pay for the same as follows: His equity in a farm of 164 acres in Clay county, Illinois, rated at $5,400; $700 of personal property, consisting of live stock, farm imple-

ments, hay, corn, etc., on the farm; $800, due in twelve months, secured by a bankable note; and balance of what the invoice of the goods should be, to be secured by note of himself and wife with chattel mortgage on store fixtures. Landis took possession of the farm, the live stock, implements, etc. Some arrangement was made with reference to the $800 payment, satisfactory to the parties, and the invoicing of the stock of goods, except as to the store fixtures, was completed by March 22d. Some dispute then arose as to the character of deed Wolf was to execute, which resulted in Landis filing in the Circuit Court of Moultrie County a bill for specific performance and for injunction against Wolf. Landis obtained from the master in chancery an order restraining Wolf from selling the goods, or in anywise interfering with Landis' possession of them, and the bond sued on was executed by him and Geo. F. Righter as surety. A motion to dissolve the injunction and a demurrer to the bill having been overruled, an answer was filed and a reference for proofs made. On the coming in of the master's report, a hearing was had which resulted in the bill being dismissed for want of equity and a dissolution of the injunction. The injunction was in force about eight months.

The damages claimed by appellee were for loss of profits in the sale of merchandise for eight months and for attorney fees expended in securing a dissolution of the injunction. From the facts disclosed by the record, it is evident that the court allowed $500 for loss of profits and $500 for attorney fees. Much is said in the printed briefs upon the question of whether Wolf complied with the contract in executing the character of deed he tendered to Landis, and whether he was entitled to the possession of the goods. We regard those questions as settled by the decree in the chancery case and are not required to express any views upon them. The decree shows that the injunction was wrongfully sued out, and the question in this case is, what damages has appellee sustained thereby.

The first error assigned and discussed is the sustaining of a demurrer to the amended sixth and seventh pleas. By

these pleas it was sought to relieve appellants from all lia-
bility under the injunction bond, except nominal damages,
because appellee began suit in attachment against Landis
and had the attachment writ levied upon the goods after
the service of the injunction writ. It is contended that
the attachment was in violation of the injunction, that
Landis was thereby deprived of the possession of the goods,
that appellee was not kept out of possession by reason of
the injunction, that all expense incident to procuring a dis-
solution of the injunction was incurred after the attach-
ment writ was levied, and that appellee, therefore, was not
entitled to damages either for loss of profits or for attor-
ney fees.   The scope of the injunction was to restrain
appellee from selling the goods under an asserted right by
purchase.   It had no reference to an enforcement of any
right which he might have had against Landis as a creditor.
He was by the injunction left free to exercise by attachment,
as creditor, any right which any other creditor might exer-
cise.   The suing out of the attachment writ, therefore, was
not in violation of the injunction.   It was the wrongful
suing out of the injunction writ that deprived appellee of
his right to retail the goods, a right claimed by him as a
purchaser.   It is insisted that the suing out of the attach-
ment was made necessary by the wrongful act of Landis in
getting possession of the goods and selling from them after
the injunction writ was awarded.   We express no views on
that point.   It is sufficient for us to say that the pleas
present no bar to the recovery of damages either for attor-
ney fees or for the interruption of appellee's business.

It is contended that the court erred in allowing as dam-
ages $500 attorney fees, paid by appellee in the injunction
suit.   The theory upon which the contention rests is that
such fees can not be allowed unless they were earned in
securing a dissolution of the injunction strictly, and that
they were not so earned.   It is also contended that the
allowance of such fees must be limited to services rendered
upon a motion to dissolve the injunction and that if such
motion is unsuccessful and a dissolution does not take place

Landis v. Wolf.

until a final hearing, no attorney fees can be allowed.   In support of that contention, counsel for appellants have cited Jevne & Almini v. Osgood, 57 Ill. 340; Elder v. Sabin, 66 Ill. 126; Blair v. Reading, 99 Ill. 600, and a number of Appellate Court decisions.   While there is a general expression appearing in the opinions in those cases to the effect that it was the intention of the statute only to reimburse the defendant in an injunction suit for moneys paid by him to attorneys representing him on a motion to dissolve, we do not understand any of them to announce the rule that attorney fees, paid out to secure a dissolution on the hearing, can not be allowed.   It is provided by statute that where an injunction is dissolved by a court of chancery, the court, after dissolving such injunction and before finally disposing of the suit, upon a party claiming damages by reason of such injunction, suggesting in writing the nature and amount thereof, shall hear evidence and assess such damages as the nature of the case may require and award execution for the collection of the same—provided a failure to assess damages in such way shall not operate as a bar to an action on the injunction bond.   The defendant is entitled to damages for the wrongful suing out of the injunction and we hold that attorney fees necessarily incurred in securing a dissolution of it are proper element of damages, regardless of whether the fees were paid to an attorney for arguing a motion to dissolve preliminary to a hearing or whether they were paid to him for securing a dissolution upon a hearing.   Darst v. Gale et al., 83 Ill. 136.   The averment in the bill may be such as to preclude the possibility of a dissolution without proof and a hearing.

Where there are other matters than the injunction involved, attorney fees expended in the general defense of the suit can not be allowed of course; but where the fees are contracted for and earned in securing a dissolution they are allowable.   In this case, it is undisputed that the fees allowed were contracted for and rendered solely with reference to securing a dissolution of the injunction.   While other matters were in issue, it was expressly stipulated that

the fees to be paid to attorneys Whitaker and Peadro related exclusively to securing a dissolution of the injunction, and did not include services that might be rendered in the general defense of the suit. The evidence shows that the fees allowed were reasonable and customary.

It is contended that the court erred in allowing damages for injuries to appellee's business, because such damages are necessarily uncertain and speculative. Such damages are in their very nature difficult of exact ascertainment. That fact does not render them speculative, however. The damages which an enjoined party may be entitled to for losses sustained in the wrongful operation of the writ are as various as the subjects which may be affected by such restraint. If the restraint keeps the defendant from enjoying the fruits of his occupation as a merchant, as it did in this case by tying up the goods which appellee had contracted for and partially paid for, then the probable fruits of the business would be the proper basis for estimating his damages. As in a suit for wrongfully suing out and levying an attachment writ upon a stock of goods, damages for interruption of the owner's business and a consequent loss of profits are allowable as damages by reason of the operation of the writ. Sutherland on Damages, Vol. 2, p. 69; Gerard v. Gateau, 15 Ill. App. 521.

When we take into consideration the fact that appellee was in complete possession of the goods, with clerks employed to sell them and actually selling, that the only denial of his right to possession was the spurious one that Landis was entitled to a warranty deed to the land he had already taken possession of, and that appellee was deprived for a period of eight months of possession of the goods which the chancellor, by dismissing Landis' bill, held he was entitled to, together with the testimony of appellee, we feel that the estimated damages for loss of profits were very moderate.

What we have said clearly indicates our views with reference to the refused propositions of law. They were properly refused. The judgment does substantial justice and will be affirmed.